UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:02-CV-469-MU

| | | |
|---|---|---|
| ASIA APPAREL, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **O R D E R** |
| | ) | |
| GARRETT CUNNEEN and STORM JENKINS, | ) | |
| | ) | |
| Defendants. | ) | |

THIS MATTER comes before the court on Plaintiff's Motion for Relief From Order Granting Involuntary Dismissal With Prejudice. Plaintiff invokes Federal Rule of Civil Procedure 60(b) to request that the Court's Order of September 15, 2005, be vacated. After reviewing Plaintiff's timely filed motion and the circumstances surrounding the Court's order of dismissal, the Court concludes that Plaintiff's motion should be GRANTED due to inadvertence and excusable neglect under Rule 60(b)(1).

## I.    BACKGROUND

Initially instituted to prevent Defendants from interfering with Plaintiff and its customers concerning a trademark issue, this action has undergone several transformations in form and substance, including the addition of claims arising from Plaintiff's purchase of Defendants' bankrupt business, RIPSwear. On September 17, 2004, this Court entered a preliminary injunction barring Defendants from commercial interference with Plaintiff's customer relations and directing Defendants to turn over use of the www.rips.com website and affiliated email addresses to Plaintiff. On Plaintiff's own motion, the opinion also directed Plaintiff to file a proposed

supplemental complaint. Defendants immediately appealed.

Defendants' appeal was denied by an unpublished opinion of the Fourth Circuit on January 13, 2005. During the pendency of the appeal, Defendants filed two identical motions to dismiss. Plaintiff failed to respond to either, and failed to file its supplemental complaint as directed. On May 20, 2005, Plaintiff's attorney sought to withdraw, stating, among other reasons, that Plaintiff evidenced no intent to go forward with the action. Defendants filed a third motion to dismiss, this time for failure to prosecute, on August 22, 2005. The Court granted Defendants' motion and dismissed this action with prejudice on September 15, 2005. Plaintiff took no action in this court from the time the injunction was granted to the time the action was dismissed, two days shy of a year later, other than suggesting the mootness of a previously made point on April 28, 2005. At no point did the Court directly inform Plaintiff that their case was in danger of dismissal. Plaintiff never violated a direct court order, aside from the ministerial step of properly filing its supplementary complaint.

Over the three-year course of this litigation, Plaintiff has shown every indication of succeeding on the merits of its case, including having its preliminary injunction affirmed by the Fourth Circuit. Defendants have filed thirty-two motions in this case (as opposed to eighteen by the Plaintiff) and have been declared "vexatious litigants" in a parallel action in California state court. Immediately following the Court's order of dismissal, Defendants began an email campaign against Plaintiff, inaccurately declaring resolution of the trademark issue in their favor and threatening further litigation unless their demands were met.

**II-    DISCUSSION**

To obtain relief under Rule 60(b) from a dismissal for failure to prosecute, the moving party must first show 1) that the motion is timely; 2) that the opposing parties will not suffer

unfair prejudice; and 3) that the claim is likely to be meritorious. <u>National Credit Union Admin.</u>

<u>Bd. v. Gray</u>, 1 F.3d 262, 264-5 (4th Cir. 1993) (applying threshold factors to default judgment

context). Once this threshold has been met, the Court may consider the specific reasons for

granting the motion listed in the rule itself. <u>Id.</u> Under Rule 60(b)(1), a court may vacate a

previously entered final order on account of "mistake, inadvertence, surprise, or excusable

neglect." Fed. R. Civ. P. 60(b)(1). This power, though restricted, should be exercised "whenever

such action is appropriate to accomplish justice." <u>Compton v. Alton S.S. Co., Inc.</u>, 608 F.2d 96,

101-2 (4th Cir. 1979), (quoting <u>Klapprott v. United States</u>, 335 U.S. 601 (1949)).

Plaintiff has satisfied all three threshold issues. First, there is no dispute that this  motion

was made within the one year time frame dictated by Rule 60(b). Second, Defendants have

illustrated no prejudice beyond having to resume defense of this action, and any prejudice they

might show is outweighed by the bad faith illustrated through their email campaign against

Plaintiff. Finally, Plaintiff is very likely to succeed on the merits of its case, as is shown by the

affirmance of its preliminary injunction on appeal.

Plaintiff has also satisfied the specific requirements of Rule 60(b)(1). Plaintiff's failures to

respond to Defendants' motions may have displayed an inexcusable neglect of its claims, but the

Court is now convinced that this neglect was not intentional. Plaintiff points out that at the time of

Defendants' first two motions, it was actively defending its claims in appellate court rather than

abandoning them entirely. This, combined with its belief that the motions were duplicative of

earlier motions[1], led Plaintiff to neglect filing a response. At the time Defendants' third motion for

---

[1] The Court notes that it is not the province of a litigant to determine when a motion is
duplicative. The proper course of action would have been to file a memorandum raising the issue and
await the Court's decision. However, as the Local Rules do not specifically state that a party must
respond to every motion, this does not negate Plaintiff's claim.

dismissal was filed, Plaintiff was in renegotiations with its attorney and was essentially acting pro se. The resulting confusion and Plaintiff's own legal inexperience caused its failure to respond to this final motion.

None of this justifies Plaintiff's inaction. However, the harsh remedy of dismissal without prejudice is not merited on these facts. Though Plaintiff's neglect deserves some reprimand, it was inadvertent rather than intentional. It is apparent that Plaintiff will suffer greatly from dismissal, as Defendants appear intent on continuing their previous campaign of harassment. Plaintiff should not face this degree of hardship based on its inadvertent neglect. Thus, it is in the interests of justice that this motion be granted and Plaintiff's claims reinstated.

Plaintiff has not escaped this affair unscathed, however. Perhaps realizing the core of its complaint, Plaintiff has offered to voluntarily dismiss all claims for relief other than its claim for a permanent injunction against Defendants. Plaintiff's willingness to undertake this dismissal without prodding from the Court or Defendants shows its devotion to prosecuting this action and the inadvertence of its previous neglect. With this in mind, the Court will allow the action to proceed on the remaining claims. Plaintiff is admonished, however, to be prompt in its filings and diligent in seeking a resolution to this matter. Any further failures to respond to dispositive motions or dilatoriness in moving the action forward will not be taken lightly.

IT IS THEREFORE ORDERED that Plaintiff's Motion for Relief From Order Granting Involuntary Dismissal With Prejudice is GRANTED and the Order of September 15, 2005 is hereby vacated. All prior orders are reinstated nunc pro tunc. Plaintiff shall file their motions for voluntary dismissal of some claims and for summary judgment within five (5) days of the issuance of this order.

**Signed: December 13, 2005**

Graham C. Mullen
Chief United States District Judge